UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ORETHA LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-08-215 |
| | § | |
| HAYS GROUP, INC.; dba HAYS | § | |
| COMPANIES, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION & ORDER**

Pending before the Court is Defendants Specialty Service Solutions, Inc. ("Specialty Service") and Steven Ferguson's ("Ferguson") first amended motion to dismiss and brief in support (Doc. 48), as well as Plaintiff Oretha Lewis's ("Lewis"), as personal representative of the estate of Chavon Lewis, response in opposition (Doc. 56) and Defendants Specialty Service and Ferguson's reply (Doc. 65). Also before the Court is Defendant AIG Life Insurance Company's ("AIG Life") amended motion to dismiss and brief in support (Doc. 52), as well as Plaintiff Lewis's response in opposition (Doc. 55), Defendant AIG Life's reply (Doc. 62), and Plaintiff Lewis's sur-reply (Doc. 63). Upon review and consideration of these motions and the relevant legal authority, and for the reasons explained below, the Court finds that Defendants Specialty Service and Ferguson's motion to dismiss (Doc. 48) should be granted and that Defendant AIG Life's motion to dismiss (Doc. 52) should be granted.

I.  Background and Relevant Facts

This is a breach of contract for life insurance case in federal court pursuant to diversity jurisdiction. 28 U.S.C. § 1332(a)(1). On December 22, 2005, Chavon Lewis, then an employee

of Shippers Stevedoring Company ("Shippers"), was killed while working in the course and scope of her employment when a forklift backed over her on the waterfront at the Port of Houston. (Doc. 46 at ¶5.01.) At the time of her accidental death, Chavon Lewis was covered by a blanket life insurance policy written by AIG Life and naming Shippers as the beneficiary. (*Id.* at ¶5.02; Doc. 46-1) AIG Life, through Specialty Service as the agent, had issued the insurance policy with an initial policy term of May 14, 2004 to May 14, 2005. (Doc. 46 at ¶5.03.) Ferguson is the acting president of Specialty Service. (Doc. 46 at 3.) AIG Life, again through Specialty Service, later renewed the policy for the period commencing May 14, 2005 and ending May 14, 2006. (Doc. 46-1 at 19.) This policy provided insurance coverage of $250,000 for the accidental death of Shippers' employees and certain percentages of that amount for "accidental dismemberment." (Doc. 46 at ¶5.04.)

Endorsement E-4 of the policy, the "Policy Beneficiary Endorsement" has a "Beneficiary Designation and Change" provision that reads: "The Insured's designated beneficiary for loss of life and dismemberment is the Policyholder." (Doc. 46-1 at 18.) Defendants claim that the effect of this endorsement was to name Shippers the sole beneficiary under the policy and that AIG Life was contractually obligated to pay all benefits that might come due under the terms of the policy to Shippers. (Doc. 48 at 3.) Lewis alleges that Chavon Lewis was unaware of the policy's existence and therefore did not consent to the payment of benefits to Shippers in the event of her accidental death. (Doc. 46 at 6.) It is undisputed that Chavon Lewis never paid any portion of the blanket life insurance policy's premiums.

The AIG Life insurance policy was in effect at the time of Chavon Lewis's accidental death. Under the terms of the policy, AIG Life paid Shippers the $250,000 accidental death policy benefit on July 28, 2006. (Doc. 46 at ¶5.01, ¶5.20; Doc. 46-2 at 1–2.) Plaintiff Oretha

Lewis, Chavon Lewis's mother and representative of her estate, filed this lawsuit on January 17, 2008, to recover the policy proceeds paid by AIG Life to Shippers.  (Doc. 1.)  Plaintiff Lewis asserts causes of action against AIG Life, Specialty Service, and Ferguson for breach of the insurance contract, breach of the duty of good faith and fair dealing, negligence, civil conspiracy, conversion, and for violation of Texas Ins. Code Sec. 541.001 *et. seq.*  (Doc. 46 at 12–16.)  Defendants Specialty Service, Ferguson, and AIG Life now move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (Docs. 48 and 52.)

II.  Legal Standard for Dismissal

Federal Rule of Civil Procedure 12(b)(6) authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).  A plaintiff must allege enough facts to state a claim to relief that is "plausible" on its face.  *Id.* at 570.  A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  However, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).

However, "[a] motion to dismiss under rule 12(b)(6) is viewed with disfavor and is rarely

granted." *Gregson v. Zurich American Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (internal citations and quotations omitted). The "Court construes the complaint liberally in favor of the plaintiff, and takes all facts pleaded in the complaint as true." *Id.* (citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986)). Nevertheless, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

III. Discussion

Texas's common law insurable interest doctrine deems that "it is against the public policy of the State of Texas to allow anyone who has no insurable interest to be the owner of a policy of insurance upon the life of a human being." *Griffin v. McCoach*, 123 F.2d 550, 551 (5th Cir. 1941). "Texas requires a person insuring the life of another to have an insurable interest in the insured person's life." *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 406 (5th Cir. 2004) (citing *Empire Life Ins. Co. of America v. Moody*, 584 S.W.2d 855, 859 (Tex. 1979); *Drane v. Jefferson Standard Life Ins. Co.*, 139 Tex. 101, 161 S.W.2d 1057, 1058–59 (1942)). "Those held to have an insurable interest in the life of another fall into three general classes: (1) one so closely related by blood or affinity that he wants the other to continue to live, irrespective of monetary considerations, (2) a creditor; and (3) one having a reasonable expectation of pecuniary benefit or advantage from the continued life of another." *Drane*, 139 Tex. at 104. However, "the state of employment alone does not give an employer an insurable interest." *Id.* (citing *Stillwagoner*

*v. Travelers Ins. Co.*, 979 S.W.2d 354, 361 (Tex.App.–Tyler 1998) ("The mere existence of an employer/employee relationship is never sufficient to give the employer an insurable interest in the life of the employee.")). Shippers therefore did not have an insurable interest in the life of Chavon Lewis.

"[I]nsurance policies procured by those lacking a sufficient interest in the life of the insured are unenforceable." *Id.* The question here, however, is the proper remedy where the insurance policy benefits have been paid to the named beneficiary who lacked a legally cognizable insurable interest in the life of the insured. "Where an insurer pays the proceeds of a policy to a beneficiary having no insurable interest, Texas courts have consistently held that a constructive trust is the appropriate remedy." *DeLeon v. Lloyd's London, Certain Underwriters*, 259 F.3d 344, 350 (5th Cir. 2001) (citing *Tamez v. Certain Underwriters at Lloyd's, London*, 999 S.W.2d 12, 15–16; *Stillwagoner*, 979 S.W.2d at 360). "[A] person with no insurable interest will hold the proceeds of a policy as trustee for the benefit of those persons entitled by law to receive it." *Tamez*, 999 S.W.2d at 15.

In this case, however, Plaintiff Lewis seeks, in essence, the equitable remedy of reformation of the insurance policy contract making Plaintiff the beneficiary. After reformation, Lewis could then require AIG Life to make an additional benefit payment in accordance with that reformation. The Fifth Circuit, however, has noted that allowing reformation and a subsequent breach of contract action by the proper beneficiary would create inequitable results by requiring the insurer to pay twice. *DeLeon*, 259 F.3d at 353. "[W]e remain convinced that Texas courts, wearing their common-law hats, would not conclude that reformation and a corresponding breach of contract action are necessary to vindicate the objectives of both the Texas statute and common law: that the insurer perform its contract and that the persons lacking

the requisite interest in the life of the insured not retain the benefits of the policy." *Id.* Under controlling Fifth Circuit law, then, Lewis's sole remedy is to seek a constructive trust against Shippers for the proceeds of the life insurance policy.

Plaintiff Lewis's claims for breach of contract, breach of the duty of good faith and fair dealing and for violations of the Texas Insurance Code fail because these causes of action require that Plaintiff be a party to the insurance contract, which she was not. *Tamez*, 999 S.W.2d at 21–22; *Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 149 (Tex. 1994) (addressing violation of Texas Insurance Code Art. 21.21, now codified as Texas Insurance Code 541 *et seq.*). Without privity of contract, Lewis cannot assert these statutory and common law actions. In her response, Lewis argues that she should be considered a third party beneficiary to the contract and therefore has standing to assert these claims. (Doc. 55 at 9.) This assertion is incorrect, however, as Lewis was neither a direct nor indirect beneficiary of the insurance policy.

Lewis's claim for conversion is similarly premised on her claimed entitlement to the policy benefits paid by AIG Life to Shippers. Under *DeLeon*, however, Lewis is not entitled to recover the policy benefits from AIG Life, Specialty Service, or Ferguson; none of these defendants was unjustly enriched by AIG Life's payment to Shippers. Likewise, Lewis's negligence claim is an attempt to artfully replead a breach of contract claim in order to recover the insurance policy's benefits. But this argument is little more than a restatement of the insurable interest doctrine, which prohibits paying insurance policy benefits to a beneficiary having no insurable interest. Allowing Lewis to sue in negligence to recover the monies AIG Life already paid Shippers would create the inequitable result of requiring the insurer to pay twice. *DeLeon*, 259 F.3d at 353. Finally, Lewis's conclusory allegations of a conspiracy are insufficient to survive a 12(b)(6) challenge. *Twombly*, 550 U.S. at 555. Without any factual

allegations supporting the legal elements of conspiracy, this claim must be dismissed.

IV.  Conclusion

Taking all of Plaintiff Lewis's allegations as true pursuant to Fed. R. Civ. P. 12(b)(6), the Court concludes that she still has no viable claims against AIG Life, Specialty Service, or Ferguson.  Under Texas law, her sole remedy is a constructive trust against Shippers for the insurance policy benefits paid to Shippers by AIG Life.

Accordingly, it is hereby ORDERED that Defendants Specialty Service Solutions, Inc. and Steven Ferguson's first amended motion to dismiss and brief in support (Doc. 48) is GRANTED.

It is further ORDERED that Defendant AIG Life Insurance Company's amended motion to dismiss and brief in support (Doc. 52) is GRANTED.

SIGNED at Houston, Texas, this 31st day of March, 2010.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE